# EXHIBIT A



🔍 Zoom-In   🔍 Zoom-Out   ⟳

**Home > Search > Case Search**

| Case Details - GD-20-007380 | | | Wingertsahn Jr. vs Amazon.com |
|---|---|---|---|
| **Filing Date:** | 07/06/2020 | **Case Type:** | Employment Discrimination |
| **Filing Time:** | 15:1:00 | **Court Type:** | General Docket |
| **Related Cases:** | | **Current Status:** | Sheriff Return |
| **Consolidated Cases:** | | **Jury Requested:** | No |
| **Judge:** | No Judge | | |
| **Amount In Dispute:** | $ 0 | | |

**⊖ Parties Count : 3**

**--Litigants--**

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Wingertsahn Jr. | Clair | | Plaintiff | 265 Anthony Street Pittsburgh PA 15210 | -- | David M Kobylinski |
| Amazon.com.dedc LLC | | | Defendant | | 07/07/2020 1056 TO | -- |

Showing 1 to 2 of 2 rows

**--Attorney--**

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Kobylinski | David | M | Plaintiff's Attorney | Praetocrian Law Group LLC 515 Court Place Suite 3 Pittsburgh PA 15219 | 4122816600 |

Showing 1 to 1 of 1 rows

**--Non Litigants--**

No matching records found

**⊖ Docket Entries Count : 2**

| Filing Date | Docket Type | Docket Text | Filing Party | Redacted Document |
|---|---|---|---|---|
| 7/7/2020 | Sheriff Return | AMAZON was served with Complaint on 07/07/2020 by Served - Manager / other person authorized to accept deliveries of United States Mail. SERVED MGR'S SEAN AND JEFF WHO TRIED TO REFUSE SERVICE, AFTER DISCUSSING DOCUMENTS WITH ME, MGR'S CAME TO MEET ME IN VISITORS WELCOME AREA THAT IS OPEN TO THE PUBLIC WHERE BUSINESS IS CONDUCTED, DOCUMENTS LEFT ON SECURITY DESK | Clair Wingertsahn Jr. | Sheriff Return |
| 7/6/2020 | Complaint | | Clair Wingertsahn Jr. | 📄 Document 1 |

Showing 1 to 2 of 2 rows                                                                 Top

**⊖ Event Schedule Count : 0**

No matching records found

**⊖ Services Count : 1Complete Service History**

| Desc | Name | Service Address | Person Served | Served By | Service Date | Service Time | Status |
|---|---|---|---|---|---|---|---|

7/22/20

| Desc | Name | Service Address | Person Served | Served By | Service Date | Service Time | Status |
|---|---|---|---|---|---|---|---|
| Complaint | Amazon.com.dedc LLC | 2250 Roswell Drive Crafton, PA 15205 Pittsburgh | AMAZON | SGREEN | 7/7/2020 | 1056 TO | Served - Manager / other person authorized to accept deliveries of United States Mail |

Showing 1 to 1 of 1 rows

Top

7/22/20

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Clair Wingertsahn, Jr.**<br>265 Anthony Street<br>Pittsburgh, PA 15210<br><br>Plaintiff,<br><br>v.<br><br>**Amazon.com**<br>2250 Roswell Drive<br>Crafton, PA 15205<br><br>Defendant. | CIVIL DIVISION<br><br>CASE NO.: GD-20-007380<br><br>Code 009 – Trespass - Other<br><br>**COMPLAINT IN CIVIL ACTION**<br><br>**JURY TRIAL DEMANDED AS TO ALL COUNTS** |

FILED
2020 JUL -6 PM 3:03
DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

Filed on behalf of:

Plaintiff

COUNSEL OF RECORD FOR THIS PARTY:

David M. Kobylinski, Esquire
Pa. ID No.: 92233

Peter T. Kobylinski, Esquire
Pa. ID No.: 309832

PRAETORIAN LAW GROUP, LLC
515 Court Place, Ste 4
Pittsburgh, PA 15219
(412) 281-6600

T109666
6 July 2020
15:5:34
GD-20-007380

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Clair Wingertsahn, Jr.** ) | |
| ) | CIVIL DIVISION |
| Plaintiff, ) | |
| ) | CASE NO.: |
| v. ) | |
| ) | |
| **Amazon.com** ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |
| ) | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Clair Wingertsahn, Jr.** ) | |
| ) | CIVIL DIVISION |
| Plaintiff, ) | |
| ) | CASE NO.: |
| v. ) | |
| ) | |
| **Amazon.com** ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |
| ) | |

## COMPLAINT

AND NOW come plaintiff Clair Wingertsahn, Jr., through counsel, who aver as follows:

### THE PARTIES

1. Plaintiff Clair Wingertsahn, Jr. is an adult individual and resides at 265 Anthony Street, Pittsburgh, PA 15210.

2. Defendant Amazon.com. (hereinafter "Amazon") is incorporated under the laws of Washington and conducts its general business operations in Allegheny County at 2250 Roswell Drive, Crafton, PA 15205.

3. Pursuant to Pa. R.C.P. 1006 & 2179, venue is appropriate in Allegheny County because Defendant conducts business herein on a regular and continuing basis.

### ADMINISTRATIVE PREREQUISITES

4. Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging unlawful discrimination on account of his disability and age. Plaintiff dual filed his Complaint of discrimination with the Pennsylvania Human Relations Commission (hereinafter "PHRC").

5.      Plaintiff has received a Right to Sue letter from the EEOC and this complaint is filed within the 90 day deadline set forth by that letter.

### STATEMENT OF THE FACTS

6.      Plaintiff was hired by Amazon on or around August 2018 as a pick-off person.

7.      Plaintiff worked for Amazon at their facility located at 2250 Roswell Drive, Crafton, PA 15205.

8.      Prior to and throughout his employment with Amazon, Plaintiff suffered from lung and heart conditions.

9.      At all times relevant to this matter, Plaintiff continued to suffer from these conditions that caused him to experience severe symptoms when required to stand and/or walk for extended period of times.

10.     Plaintiff's serious medical conditions effected his ability to perform major life activities and perform aspects of his employment without reasonable accommodations.

11.     At the time Plaintiff was hired by Amazon, Plaintiff informed Amazon of his medical conditions and stated that he would require a reasonable accommodation.

12.     Plaintiff agreed to provide any and all necessary medical documentation that was required by Amazon relative to any requests for accommodations that he made.

13.     Plaintiff was informed by Amazon that a reasonable accommodation would be provided to him as requested due to his conditions at the time he was hired.

14.     Amazon informed Plaintiff that one such accommodation that it would be able to provide was moving him to a position that met his physical abilities if available.

15.     Upon being hired, Plaintiff learned that Amazon was looking for individuals willing to be trained and operate forklifts at the facility.

16. Plaintiff requested forklift position as it allowed him to be in a seated position a majority of time, which would accommodate his limited physical abilities caused by his medical conditions.

17. Plaintiff further learned a position was available to unload the trucks which was a more stationary position as opposed to the pick-off position.

18. Plaintiff request truck unloading position as it also would accommodate his limited physical abilities caused by his medical conditions.

19. Amazon rejected Plaintiff's requests for these positions, which he believed were requests for a reasonable accommodation due to Amazon's representation at the time he was hired.

20. Plaintiff requested these positions several times and each time his requests was either ignored or denied.

21. In the capacity of the pick-off position, Plaintiff requested a reasonable accommodation of being provided with a conveyer belt.

22. Amazon routinely provided other employees with a conveyer belt to assist in this duties as a pick-off person.

23. Yet, Plaintiff's requests for this accommodation was routinely rejected.

24. On the occasions when Plaintiff was provided with a conveyer belt, Plaintiff would be held to a difficult standard than other employees that were not disabled and over the age of forty.

25. Plaintiff received written and verbal reprimands for mistakes made by other employees or for the speed in which he completed his duties.

26. Plaintiff reported the discrimination he experienced to Amazon's ethic's hot-line on several occasions. In particular, Plaintiff reported that he was being treated differently as a result of his disabilities and age as compared to his co-workers.

27. Plaintiff further reported to the ethic's hot-line that he was being denied access to and/or being granted reasonable accommodations for his conditions.

28. In close temporal proximity to his complaints to the ethic's hot-line, Plaintiff observed a bulletin in the office stating the ethic's hot-line was being taken down.

29. In spite of his complaints, no corrective actions were taken by Amazon as to his concerns, requests for accommodations and/or reports of discrimination.

30. Rather, Plaintiff learned that Amazon was now looking to terminate his employment.

31. On May 15, 2019, Plaintiff was terminated from his employment.

32. Plaintiff believes and therefore avers that he was terminated as a result of requesting a reasonable accommodation and because she suffered from a known disability.

33. Plaintiff believes and therefore avers that he was terminated as a result of his age.

34. Plaintiff was born on October 14, 1952 and was sixty-six (66) years old at the time he was fired.

35. To Plaintiff's knowledge, Plaintiff was one of the oldest employee working in the facility as a pick-off person. Moreover, Plaintiff believes and therefore avers that he would have also been one of the oldest employees working as a forklift operator or unloader had those accommodations been granted.

36. Plaintiff believes and therefore avers that Amazon's proffered reasons for his termination are pretextual and the actual motivation was based upon his age, disability and request for a reasonable accommodation.

37. If Plaintiff had been provided his requested reasonable accommodation, Plaintiff would have be able to perform his job duties to the full extent required and expected by Amazon.

## INJURIES AND DAMAGES

38. As a direct and proximate result of Defendant's discriminatory practices and termination, Plaintiff suffered from the following injuries and damages:

   a. Plaintiff lost income, employment benefits and his financial security;

   b. Plaintiff suffered damage to his reputation;

   c. Plaintiff suffered further aggravation to his existing medical conditions due to the loss of his health insurance and inability to purchase necessary medicine;

   d. Plaintiff suffered severe heart and lung conditions;

   e. Plaintiff developed, suffered and continues to suffer from embarrassment, shame and emotional distress;

   f. Plaintiff suffered and continues to suffer from a diminution in enjoyment of his life;

   g. Plaintiff's ability to earn wages has been diminished and continues to be diminished; and

   h. Attorneys' fees and costs.

## COUNT ONE

## RETALIATION UNDER THE ADA

39. The prior paragraphs of this Complaint are incorporated herein by reference.

40. Plaintiff suffered from a recognized disability that affected his ability to perform his employment duties without reasonable accommodation.

41. Defendants retaliated against Plaintiff, because he exercised his right to equal treatment under the law by reporting his serious disability to Defendants and requesting reasonable accommodations for the same. Such retaliatory conduct is a violation of said anti retaliatory provisions of ADA.

42. Said retaliation included affecting Plaintiff's ability to perform his assigned tasks by, unwarranted harassment, disability discrimination, and discharge.

43. Plaintiff suffered intentional discrimination and retaliation because of his disability and effort to protect his rights under the Americans with Disabilities Act.

44. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

45. Because the retaliatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights the Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendants and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

    a. The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Americans with Disabilities Act.
    b. The entry of a permanent injunction prohibiting Defendants from retaliating against employees on the basis of disability.
    c. The immediate assignment of Plaintiff to such position as he would now be occupying but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.
    d. The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.
    e. The award of any pre-judgment interest on any back pay.

  f. The award of compensatory damages.
  g. The award of punitive damages.
  h. The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.
  i. The award of such other relief as may be just and proper.

## COUNT TWO

### DISABILITY DISCRIMINATION UNDER ADA

46. The prior paragraphs of this Complaint are incorporated herein by reference.

47. Plaintiff was a "qualified individual with a disability" as that term is defined in the ADA (42 U.S.C §12111 *et seq.*).

48. With reasonable accommodation Plaintiff could perform the essential functions of the position of associate.

49. Defendants by their conduct, have engaged in unlawful employment practices in violation of the Americans with Disabilities Act 42 U.S.C. §§12111 *et seq.*

50. These practices include refusing to provide Plaintiff with reasonable accommodation, harassment, and discharging Plaintiff from his employment.

51. It is believed and therefore averred that these unlawful practices were intentional on the part of Defendants.

52. It is believed and therefore averred that Defendants intentionally discriminated against Plaintiff because of his seeking protection under the Americans with Disabilities Act and requesting reasonable accommodation.

53. These unlawful practices were committed by the Defendants to deprive Plaintiff of his rights under the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

54. These practices have caused Plaintiff to suffer damages and have deprived Plaintiff of equal employment opportunities and have otherwise adversely affected Plaintiff because of his disability.

55. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

56. Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendants and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

    a. The entry of a declaratory judgment finding that acts complained of herein are unlawful and violate The Americans with Disabilities Act as amended.
    b. The entry of a permanent injunction enjoining Defendants from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that Defendants no longer discriminate on the basis of disability.
    c. The immediate assignment of Plaintiff to such position as he would now be occupying but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.
    d. The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.
    e. The award of punitive damages.
    f. The award of such other relief as may be just and proper.

## COUNT THREE

## DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 AND ALL AMENDMENTS ("ADEA")

57. The prior paragraphs of this Complaint are incorporated herein by reference.

52. Plaintiff is a member of a protected class under the ADEA.

53. Plaintiff was born on January 9, 1958 and is 59 years of age at the time being fired from his employment.

54. Plaintiff was discrimination against because he was an "older" employee who had seniority and higher wages.

55. Plaintiff was discriminated against by Defendant refusing to transfer him to a position he was qualified for and experienced for and terminating his employment because of his age.

56. Defendant filled all positions that Plaintiff applied for and was terminated from with less qualified, less experienced and younger employees.

57. Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs.

## COUNT FOUR

## DISCRIMINATION UNDER PHRA

59. The prior paragraphs of this complaint are incorporated herein by reference.

60. At all times material to this complaint, Plaintiff was an "employee" of Defendants as that term is defined in the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §954.

61. At all time material to this complaint Defendants were an "employer" of Plaintiff as that term is defined in the PHRA 43 P.S. §954. At all time material to this complaint the individual Defendants were the supervisors of Plaintiff.

62. The acts of Defendants constitute "unlawful discriminatory practices" under 43 P.S. §955 against Plaintiff because of her disability and unlawful retaliation because of Plaintiff engaged in protected activity.

63. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

64. Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendants and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

a. The entry of a declaratory judgment finding that the acts complained of herein are unlawful and violate the PHRA as amended.
b. The entry of a permanent injunction enjoining defendants from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that the Defendants no longer discriminate on the basis of race or disability.
c. The entry of a permanent injunction prohibiting Defendants from retaliating against employees attempt to exercise and protect their rights.
d. The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.
e. The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.
f. The award of any pre-judgment interest on any back pay.
g. The award of compensatory damages.
h. The award of punitive damages.
i. The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.
j. The award of such other relief as may be just and proper.

## JURY TRIAL IS DEMANDED AS TO ALL COUNTS

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**

_____
Peter T. Kobylinski, Esquire
PA ID No.: 309832
515 Court Place, Ste 4
Pittsburgh, PA 15219

Dated: July 1, 2020          *Attorneys for Plaintiff*

### CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: _____
Peter T. Kobylinski, Esquire (PA ID # 309832)\

**Supreme Court of Pennsylvania**
**Court of Common Pleas**
**Civil Cover Sheet**

_____Allegheny_____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

### SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Clair Wingertsahn, Jr. | Amazon.com |

**Are money damages requested?** [x] Yes  [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [x] No

**Is this an *MDJ Appeal*?** [ ] Yes  [x] No

Name of Plaintiff/Appellant's Attorney: David M. Kobylinski

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

### SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [x] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*